## Commonwealth v. Smith

*William F. Morgan,* District Attorney, for Commonwealth.

WOLFE, P. J., January 17, 1973.—Defendant is before the court, nonjury, on a charge against him of operating a motor vehicle while under the influence of intoxicating liquor in violation of section 1037 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1037.

Defendant was not represented by counsel and did not elect to testify. However, on cross-examination, the arresting officer stated defendant did not deny being drunk.

On the date of the arrest defendant was found behind the wheel of his car parked along Railroad Street in the Village of Youngsville on the side of the road with his engine running at approximately 2:40 p.m.

The arresting officer smelled the odor of alcohol and, having noticed the flushed complexion and speech confusion of defendant, placed him under arrest for driving under the influence and transported him to the State Police Barracks where the breathalyzer test was administered indicating a reading of .21. According to the arresting officer, because of his difficulty to coordinate, defendant was under the influence and could not properly operate his vehicle.

There was no evidence that defendant was, in fact, driving his car on the highway or had moved it from the parked position.

A similar issue was generally discussed in Commonwealth v. Cherrington, 50 D. & C. 2d 26 (1970), wherein defendant was convicted of driving under the influence after he was found sleeping at the wheel, parked on the roadway with the headlights on notwithstanding the vehicle was not running.

In Commonwealth v. Kallus, 212 Pa. Superior Ct. 504 (1968), the court affirmed defendant's conviction notwithstanding defendant was attempting to remove a vehicle stuck hopelessly in a snow bank on the shoulder of the highway. The court there held:

"We agree with the reasoning of the court below that it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself."

Consequently, it is now settled that the word "operate" does not mean the Commonwealth must prove the defendant was, in fact, operating the vehicle in motion but must only prove beyond a reasonable doubt that defendant was in the vehicle, behind the wheel and had the control and management of it.

Applying the foregoing law to the instant case and considering all of the evidence and the presumption of being under the influence from the breathalyzer reading, together with the conduct and condition of defendant, we are compelled to conclude that the Commonwealth has carried the burden of proof beyond a reasonable doubt and, therefore, make the following

## ORDER

And now, to wit, January 17, 1973, defendant is found guilty as charged of operating a motor vehicle while under the influence of intoxicating liquor and, in the absence of appeal, is to appear before the court for sentencing when notified by the district attorney.

Exceptions to defendant.